974 So.2d 940 (2008)
Deevell Dupree WATTS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-02145-COA.
Court of Appeals of Mississippi.
January 29, 2008.
*941 W. Daniel Hinchcliff, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. On December 28, 2005, Deevell Dupree Watts was on his way to Atlanta, Georgia, when the vehicle he was riding in was pulled over by Lowndes County Sheriffs Department personnel. A subsequent search of the vehicle revealed the presence of several marijuana seeds and over one kilogram of marijuana. During the stop, and again at the sheriffs department, Watts confessed that he picked up the narcotics in Texas and was transporting them to Georgia. He was later indicted for possession of a controlled substance. The indictment was later amended to charge Watts as a subsequent drug offender under Mississippi Code Annotated Section 41-29-147 (Rev.2005) based upon the State's allegation that Watts had previously been convicted in the United States District Court for the Eastern District of Pennsylvania in 2002 for the importation of more than 500 grams of cocaine.
¶ 2. At the conclusion of his trial in the Circuit Court of Lowndes County, Watts's attorney requested the trial court to instruct the jury on the theory of constructive possession. This request was denied, and Watts was found guilty by a jury. Following the trial court's denial of his motions for JNOV and a new trial, Watts filed his current appeal, arguing the trial court erred in refusing to give a constructive possession jury instruction. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. Deputy Darrell Nabors, of the Lowndes County Sheriffs Department, was traveling east on Highway 82 on December 28, 2005, when he saw a maroon Ford van with Texas plates weaving on and off the highway, Deputy Nabors initiated a traffic stop. As he approached the passenger side of the van, Deputy Nabors discovered that Sharon Robinson was driving the vehicle and Watts was in the passenger seat. Deputy Nabors would later discover the tag was registered to Robinson, but the registration listed an Oldsmobile as the registered vehicle. While Deputy Nabors attempted to retrieve Robinson's identification, Watts nervously explained why Robinson was driving so erratically and where they were going. Deputy Nabors testified that Watts was talking so much he called another officer, Deputy Chad Bell, to assist him with the stop.
¶ 4. Deputy Bell took Robinson to the back of the van while Deputy Nabors tried to determine Watts's identity. Watts *942 identified himself as "Durell Watts," which was later identified to be brother's name. Meanwhile, Robinson gave Deputy Bell consent to search the vehicle. Deputy Nabors escorted Watts to Deputy Bell's position and began his search of the van. During the course of his search, Deputy Nabors saw a black duffel bag between the driver and front passenger seats. Protruding from the duffle bag was a Ziploc bag with five to six marijuana seeds. While Deputy Nabors was searching Watts's person for the presence of additional controlled substances, Deputy Bell indicated that he discovered a "brick" of marijuana in a paper bag behind the front passenger seat. The brick of marijuana would later be determined to weigh 1,377 grams. Robinson and Watts were subsequently placed in handcuffs, and narcotics agents were called to the scene.
¶ 5. Agent Ivan Bryan, a narcotics investigator with the Lowndes County Sheriff's Department, arrived at the scene at the request of Deputy Nabors and collected the narcotics that were found. Then, after Watts was read his Miranda rights, Agent Bryan began questioning Watts at the scene. When he asked about the brick of marijuana in the paper bag Bryan testified that Watts told Agent Bryan that "he had got it in Houston and was taking it to Atlanta. . . ."
¶ 6. Deputy Nabors transported Watts to the sheriff's department and conducted a more thorough search of Watts's clothing. During this search, he discovered a very small amount of loose marijuana in one of the pockets of Watts's pants. Once back at the sheriff's department, Agent Bryan and another agent interviewed Watts for a second time. Agent Bryan testified that Watts was asked about the drugs again, and he gave the same response as he gave at the scene. However, Watts refused to reduce his statement to writing.
¶ 7. Watts was indicted for possession of marijuana in an amount greater than a kilogram and subsequently convicted by a Lowndes County jury for the same.

ANALYSIS
¶ 8. On appeal, Watts contends that the trial court erred in refusing his request for a jury instruction on constructive possession. Our review of a trial court's denial of a defendant's requested jury instruction begins with the proposition that no one instruction should be taken out of context, but all jury instructions should be read together and considered as a whole. Chinn v. State, 958 So.2d 1223, 1225(¶ 12) (Miss.2007) (quoting Austin v. State, 784 So.2d 186, 192(¶ 18) (Miss.2001)). Furthermore, a defendant has a right to present his theory of the case, but this right is conditioned upon the proposed instruction containing a correct statement of the law and having an evidentiary foundation. Chinn, 958 So.2d at (¶ 12). If it meets these requirements, it should be granted no matter how meager or unlikely the evidence may be. Id. at (¶ 13).
¶ 9. Watts's trial counsel offered two jury instructions on the theory of constructive possession. Both instructions were rejected by the trial court. Instruction 5 stated as follows:
To constitute possession, the State must prove beyond a reasonable doubt that Deevell Dupree Watts was aware of the presence and character of the marijuana and that he exercised dominion and control over the marijuana.
If you find that the State did not prove beyond a reasonable doubt that Deevell Dupree Watts exercised dominion and control over the marijuana or that he was aware of the presence and character of the marijuana, then you *943 must find the Defendant, Deevell Dupree Watts, not guilty.
¶ 10. Similarly, instruction D-6 stated as follows:
Possession is defined in terms of the exercising of dominion and control. To constitute possession, the State must prove beyond a reasonable doubt that Deevell Dupree Watts was aware of the presence and character of the marijuana and was intentionally and consciously in possession of that marijuana.
¶ 11. Watts argues that the trial court denied him his right to present his theory of the case when it refused to give jury instructions D-5 and D-6. We disagree. While Watts's proposed jury instructions are an accurate expression of the law of constructive possession, the record clearly reveals that there was a lack of evidence supporting such an instruction. See, Dixon v. State, 953 So.2d 1108, 1112(¶ 9) (Miss.2007).
¶ 12. We find our recent decision in Millsap v. State to be controlling. In Millsap, the defendant was pulled over while driving a vehicle that was rented in another person's name. Millsap v. State, 767 So.2d 286, 288(¶ 4) (Miss.Ct.App.2000). During conversation between Millsap and the detaining officer, a police dog alerted the officer to the presence of drugs in the trunk; the officer asked Millsap if there were any narcotics in the trunk. Id. at (¶ 4). According to the testimony of the officer, Millsap responded, "yes." Id. When further questioned as to the amount of narcotics, Millsap stated "a lot . . . between 104 and 106 pounds." Id. At this point, the officer handcuffed Millsap and searched the trunk. Id. at (¶ 5). He found approximately 101 pounds of marijuana. Id.
¶ 13. At his trial, Millsap requested a constructive possession instruction, arguing that it was necessary given the fact that the marijuana was found in the trunk of a vehicle rented in another person's name. Id. at 293(¶ 24). Additionally, Millsap testified that he was never questioned about drugs in the car and never told the officer he had drugs in the car. Id. at 289(¶ 6). The trial court denied Millsap's requested jury instruction, and this Court affirmed that decision on appeal. Id. at 293(¶¶ 26-27). We reasoned Millsap's desired instruction did not conform to the facts surrounding his arrest, stating, "lclonstructive possession instructions are properly given as a vehicle whereby the State can prove guilt when either the drugs are not found on the defendant's person or the defendant did not confess. Millsap confessed. There was no need to instruct the jury on constructive possession." Id. at (¶ 27).
¶ 14. In this case, Watts was traveling in a vehicle other than his own when he was stopped by law enforcement, and he confessed to possession of marijuana that was found in the vehicle. There was no testimony or other evidence introduced during Watts's trial that contradicted Agent Bryan's testimony of Watts's confession. Additionally, as was his right, Watts chose not to testify. Therefore, given Watts's confession, there are no facts in the record which would have supported a Constructive possession instruction. We find that the trial court did not err in refusing to allow such a constructive possession jury instruction. Further, the trial court properly instructed the jury with jury instruction S-2, which informed the jury that in order to return a verdict of guilty the State must prove beyond a reasonable doubt that Watts willfully, knowingly, and intentionally possessed over one kilogram of marijuana. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES *944 COUNTY OF CONVICTION OF POSESSION OF MARIJUANA IN AN AMOUNT GREATER THAN ONE KILOGRAM AS A SUBSEQUENT OFFENDER AND SENTENCE OF TWENTYTWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.